UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

v.                                          Case Nos.:    3:13cr76/MCR/CJK
                                                          3:15cv447/MCR/CJK

SYLVESTER NATHANIEL WRIGHT
_____/

<u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (ECF No. 97).    The Government has filed a response (ECF No. 103), and Defendant has filed a reply.    (ECF No. 104).    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.    *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).    After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.    *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

Defendant was charged in a superseding indictment with possession with intent to distribute an indeterminate amount of crack cocaine on June 5, 2013, and possession with intent to distribute cocaine and cocaine base on July 17, 2013, both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).   (ECF No. 22).   The Government filed a Notice of Enhancement Information identifying numerous prior felony drug convictions.   (ECF No. 12).   Defendant was represented by retained counsel, Christopher Ryan Crawford.

Defendant moved to suppress evidence relating to each of the two charges. (ECF No. 32).   Defendant argued his seizure by law enforcement on June 5 was unlawful and the evidence seized, which formed the basis for Count One, should be suppressed.   With respect to Count Two, he argued a traffic infraction, allegedly observed by the deputy, did not occur and, as such, the traffic stop was illegal and evidence seized as a result should be suppressed.   (ECF No. 32).   The Government responded in opposition.   (ECF No. 35).   The court denied the motion on January 27, 2014, after a hearing.   (ECF Nos. 53, 81).   Defendant entered a conditional plea of guilty shortly thereafter.   (ECF No. 59, 89).

The Presentence Investigation Report ("PSR") reflects Defendant had a base offense level of 26 based on the quantity of drugs attributed to him. After a two-level adjustment for obstruction of justice, his adjusted offense level was 28. This was superseded by the career offender enhancement, making the total offense level 34. (ECF No. 67, PSR ¶ 42, 44). The criminal history category was VI based both on Defendant's criminal history score and career offender status. (ECF No. 67, PSR ¶¶ 72, 73). This resulted in a guidelines range of 262 to 327 months imprisonment. (ECF No. 67, PSR ¶ 125).

At sentencing, the court overruled a defense argument that, given his mental capacity, Defendant did not intend to mislead the court through testimony at the suppression hearing. (ECF No. 82 at 3-11). The court accepted counsel's argument Defendant should receive a two-level acceptance of responsibility adjustment, despite the obstruction. (ECF No. 82 at 11-17). The court did not afford the full three-level reduction, apparently because of Defendant's delay in entering his guilty plea.

The revised total offense level of 32, with a criminal history category of VI, yielded an advisory guidelines range of 210 to 262 months. (ECF No. 82). After

hearing testimony from Defendant about his life and upbringing, the court sentenced Defendant to a term of 210 months' imprisonment.   (ECF Nos. 71, 82).

Defendant appealed, challenging the district court's denial of the motion to suppress.   The Eleventh Circuit Court of Appeals found no error.

In the present motion, Defendant raises two grounds for relief, each with multiple subparts.   He contends counsel was constitutionally ineffective in the way he litigated the motion to suppress, and that counsel provided constitutionally deficient representation during the plea negotiation process.

## ANALYSIS

### General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8

(11th Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).    The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a § 2255 motion which have been resolved on direct appeal.    *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).    Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under § 2255.    *Nyhuis*, 211 F.3d at 1343 (quotation omitted).    Broad discretion is afforded a court's determination of whether a particular claim has been previously raised.    *Sanders v. United States*, 373 U.S. 1, 16 (1963) (noting "identical grounds may often be proved by different factual

allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under § 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal generally are not actionable in a § 2255 motion and will be considered procedurally barred.  *Lynn*, 365 F.3d at 1234‒35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (*quoting Mills*, 36 F.3d at 1055).  Absent a showing the ground of error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error -- that is, alternatively, that he is "actually innocent."  *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.

*See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland's* two-part test also applies to guilty pleas. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (*citing Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the

performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (*quoting Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at

1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of experienced trial counsel, the presumption counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (*quoting Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (*quoting Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate there is a reasonable probability

that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (holding failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508

(11th Cir. 2009) (finding counsel not ineffective for failing to make a meritless objection to an obstruction enhancement).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.    This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.    *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).    "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"    *Dingle*, 480 F.3d at 1099 (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).    Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.    A defendant's belief that a certain course of action counsel failed to take might have helped his case does not direct a finding counsel was *constitutionally ineffective* under the standards set forth above.

Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).    To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.    *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).    Affidavits that amount to nothing more than conclusory allegations and unsupported or erroneous denials of statements made in an opposing affidavit do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Defendant first contends counsel was constitutionally ineffective in his litigation of the motion to suppress as to both applicable facts and law.   To the extent Defendant seeks to relitigate matters that were already decided adversely to him, either in the district court or on appeal, his challenge is procedurally barred. This claim includes four separate allegations of deficient performance, which the court will address in turn.

Defendant first claims ineffectiveness as to Count One in that counsel "incorrectly argued that the [June 5, 2013] stop was based on a violation of Fla. Stat. 316.605, when in fact there was no stop at all, only the seizure of the contraband." (ECF No. 97 at 4).[1]   Defendant asserts that if counsel had argued there was only an arrest and a seizure of Defendant's person, the laws involving inventory searches or standing to contest the search would not have come into play.   (ECF No. 97 at 28).

Counsel's argument in the motion to suppress was not that law enforcement had stopped Defendant's vehicle.   Instead, counsel stated in his motion, and the evidence adduced at the hearing on the motion to suppress confirmed, that Pensacola

---

[1] Section 316.605, Florida Statutes, governs the licensing of vehicles and the display of license plates.

Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK

Police Sergeant Shawn Thompson approached the vehicle after it had stopped. Office Thompson had become suspicious because he observed the vehicle, which had a temporary or paper tag flapping about the rear, make what appeared to be evasive turns to avoid law enforcement.    Thompson approached the vehicle in his patrol car, and observed the driver exit the vehicle and try to conceal himself between other vehicles parked in the driveway.    Thompson exited his patrol car, looked into the suspicious vehicle to confirm there were no other occupants, and approached the area where he had seen the individual crouching.    To identify himself, he announced "Police."    Defendant Wright stood up, at which point Thompson recognized Wright, whom he knew from prior dealings to be a habitual traffic offender, and detained him.    A K-9 unit that was dispatched to the scene alerted, and the subsequent search yielded evidence giving rise to Count One of the indictment.

Contrary to what Defendant now appears to argue, counsel argued at the suppression hearing that the "*Terry* stop" of Defendant's physical person was unlawful, and the district court specifically addressed this argument in its order. (ECF No. 81 at 140-141; ECF No. 53 at 6-7).    The court specifically found the "potential tag violation" that caused Sergeant Thompson to initially follow the car

Defendant was driving "immaterial" to the court's analysis of the subsequent *Terry* stop, because the officer took no action to stop the car because of the tag violation. (ECF No. 53 at 7). Officer Thompson testified his primary concern at the time he approached Defendant was that the driver of the car was concealing himself. (ECF No. 81 at 24). The court found Thompson confronted and stopped Defendant after observing "unusual behavior" after Defendant exited the vehicle. Once Thompson recognized Defendant Wright, probable cause to arrest existed based on his knowledge that Wright had been operating the vehicle with a suspended license. (ECF No. 53 at 6-10). Defendant has not shown counsel's arguments were constitutionally deficient.

Second, Defendant asserts counsel was constitutionally ineffective because he permitted his client to testify regarding factual matters which "served no purpose but to defeat the claim." (ECF No. 97 at 4). Wright refers, presumably, to his testimony that he was not driving the vehicle on June 5, 2013. This testimony caused the district court to question the issue of standing. (ECF No. 81 at 137). As the Government noted, Defendant's "standing" to contest the search of the car following law enforcement contact and Defendant's arrest is not a factor in determining whether the *Terry* stop was valid. Furthermore, the search was based

on the K-9 alert.    Therefore, even if Defendant had standing, probable cause existed for law enforcement to search the vehicle.    Defendant's identification and items seized from his person outside the car, including lottery tickets, linked him to items found in the car.    To the extent Defendant asserts counsel was constitutionally ineffective for not warning him not to lie during his testimony, this allegation does not entitle him to relief nor warrant expansive treatment.

Wright also contends trial counsel was ineffective because he did not argue "applicable facts regarding the seizure of the vehicle as well as departmental policy on searches incident to arrests."    (ECF No. 97 at 29).    Defendant does not explain what consequential argument counsel could or should have made, and no relief is warranted.

Wright's third assertion of constitutionally insufficient performance with respect to the motion to suppress is that counsel abandoned on appeal the claim/argument with respect to the June 5, 2013, incident.    (ECF No. 97 at 4). Defendant also suggests, somewhat clairvoyantly, that counsel realized the errors in his arguments before the district court and "abandoned the claim altogether on direct appeal."    (ECF No. 97 at 30).

Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK

Due process of law requires that a defendant receive effective assistance of appellate counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prevail on a claim of ineffective assistance of appellate counsel, a defendant must show (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008); *see Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir.2009) (holding claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court may consider the merits of the issues defendant alleges counsel was derelict in not raising on appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988); *Reutter v. Secretary for Dept. of Corrections*, 232 F. App'x 914, 917 (11th Cir. 2007) (determining counsel's decision not to raise a particular argument on appeal, in light of his having raised several important claims, was likely a strategic decision to "winnow out weaker arguments"). Of course, appellate counsel is not ineffective for failing to raise claims that are reasonably considered to be without merit. *Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013); *Shere*, 537

F.3d at 1311; *Nyhuis*, 211 F.3d at 1344 (*citing Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)).

Defendant has not shown the district court's ruling on the validity of the June 5, 2013, *Terry* stop was erroneous.   Therefore, appellate counsel was not constitutionally ineffective for deciding to forego this point and focus instead on the validity of the July 17, 2013, stop.   (ECF No. 94).

The fourth claim raised in Ground One of Defendant's motion relates to the events leading up to Count Two of the indictment.   Wright complains, as to Count Two, that counsel incorrectly argued the July 17, 2013, stop was based on a violation of § 316.221, Florida Statutes,[2] when the record reflects the vehicle was stopped because the registered owner's license was suspended.   Counsel was also ineffective, he states, by failing to argue the arrest lacked probable cause.

Escambia County Sheriff's Deputy John Rose testified his attention was first drawn to Defendant's vehicle on July 17, 2013, because the deputy saw no light illuminating the vehicle's tag.   When he got close enough to discern the tag number in his own headlights, the deputy ran the tag, and learned the registered owner of the

---

[2] Section 316.221, Florida Statutes, establishes the legally required "taillamps" on motor vehicles.

Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK

vehicle did not have a valid driver's license.    (ECF No. 81 at 62).    Deputy Rose

stopped the vehicle, and Defendant exited the vehicle and approached Rose, rather

than remain in the car and wait for the officer to approach.    This was unusual

behavior during a traffic stop, in Rose's experience, so Rose handcuffed Defendant

for officer safety.    When Rose approached and looked into the car to check for other

occupants, he saw a brown prescription pill bottle with the label removed, containing

what appeared to by hydrocodone pills.    Once he located the pills he continued to

check for other items, finding a plastic baggie with crack cocaine and an electronic

digital scale.    Only after that did Rose determine to place Defendant under arrest,

with the presence of contraband providing probable cause.    (*See* ECF No. 81 at 64-

74).

Counsel presented two witnesses at the suppression hearing who testified the

tag light was in fact operational, suggesting the reason for the stop was pretext.    The

defense also argued Rose's assertion the stop was based on his having learned the

driver's license of the registered owner of the car was suspended was not credible.

(ECF No. 81 at 134-137).    In support of this, the defense noted that Officer Rose's

initial report did not mention running a check of the tag before he conducted the

stop.    (ECF No. 32 at 12-13).    The district court rejected this argument, finding

Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK

Rose's testimony credible.   The court reasoned that any omission from the report could have been due to the fact the stop was interrupted when officers had to leave to respond to a call about a robbery in progress.   (ECF No. 53 at 9).   More significantly, the court found the stop of the car legal based on the inoperable tag light and suspension of the registered owner's driver's license.   (ECF No. 53 at 7-9).   The district court thoroughly analyzed the issue.   Counsel's performance was not constitutionally deficient, and Defendant is not entitled to relief.

Ground Two

Wright's second ground for relief addresses counsel's performance with respect to the plea and sentencing.   Defendant contends that after the court denied the motion to suppress, counsel advised him to plead guilty without the benefit of a plea agreement.   He asserts such negotiations were necessary to mitigate the effect of the two-level enhancement for obstruction of justice.   Wright also maintains he was denied an additional one-level reduction for acceptance of responsibility because of counsel's failure to pursue plea negotiations.   (ECF No. 97 at 5).

Defendant is correct that the PSR included a two-level adjustment for obstruction of justice.   (ECF No. 67, PSR ¶¶ 30-32, 40).   The adjustment was based on Defendant's testimony at the suppression hearing, which the Government

contended was untruthful.    However, in light of the career offender enhancement, this adjustment did not explicitly affect the guidelines calculations.

As known to all judges, and defense counsel, in this district, the United States Attorney does not "plea bargain."    The benefit to a defendant of timely entering a plea agreement is limited to a two or three-level acceptance of responsibility adjustment, plus the possibility of cooperating with the Government and earning a substantial assistance motion.    The latter requires that a defendant provide truthful information to the Government.    Assistant United States Attorney Edwin Knight, who authored the Government's response to the § 2255 motion, notes that he observed Defendant's testimony during the motion to suppress hearing and is convinced Defendant perjured himself during the hearing.    Therefore, despite defense counsel's efforts on his client's behalf, Mr. Knight, on behalf of the Government, refused to enter into any kind of cooperation agreement with Defendant.    (ECF No. 103 at 7).    Clearly then, Defendant's actions in testifying untruthfully tied defense counsel's hands in this regard.

Wright also argues counsel should have investigated the applicable facts and law regarding his prior convictions and that, had counsel done so, Wright would not have qualified for career offender treatment.    (ECF No. 97 at 36).    Only two prior

Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK

convictions were necessary for application of career offender status. Defendant has not provided any evidence as to which, if any, of the three qualifying convictions identified in the PSR were not proper predicates for application of the enhancement. (ECF No. 67, PSR ¶¶ 42, 55, 69, 70).

Wright next claims counsel was constitutionally ineffective because he failed to seek an additional one-point reduction for acceptance of responsibility. (ECF No. 97 at 36). Counsel argued strenuously with respect to the interrelated issues of obstruction of justice and acceptance of responsibility. (ECF No. 82 at 4-14). Counsel's arguments were ultimately persuasive in that Defendant garnered the highly unusual benefit of being penalized for obstruction of justice, but also received an adjustment for acceptance of responsibility. (ECF No. 82 at 16). As the court noted at sentencing, award of the third point comes from the Government. (ECF No. 82 at 16). Defendant has not shown counsel's performance was constitutionally deficient.

Finally, Wright contends counsel was ineffective for not seeking a further departure under U.S.S.G. § 4A1.3(b). (ECF No. 97 at 36). He contends the criminal history category substantially over-represents the seriousness of his criminal history, and he should have been sentenced from criminal history category

V.  A review of the sentencing transcript reveals such an argument would have been fruitless.   The trial court repeatedly noted the seriousness of Wright's criminal history, and recounted the criminal history in great detail.   (ECF No. 82 at 35-38). Counsel did not perform deficiently by failing to pursue the departure Defendant now suggests.

<u>Conclusion</u>

For all the foregoing reasons, Defendant has failed to show any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown, through the conclusory denials in his reply affidavit, that an evidentiary hearing is warranted. (ECF no. 104 at 6-7).    Therefore, Defendant's motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), Rules Governing Section 2255 Cases.

Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK

After review of the record, the court finds no substantial showing of the denial of a constitutional right.    28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (ECF No. 97) be **DENIED**.

2.    A certificate of appealability be DENIED.

Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK

At Pensacola, Florida, this 16th day of May, 2018.


<u>/s/ *Charles J. Kahn, Jr.*</u>
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.


Case Nos.: 3:13cr76/MCR/CJK; 3:15cv447/MCR/CJK