UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.   Case No.:   3:13cr76/MCR

SYLVESTER NATHANIEL WRIGHT.
_____/

**ORDER**

This matter is before the Court on Defendant Sylvester Nathaniel Wright's second motion for compassionate release under 18 U.S.C. § 3582(c), based on his medical conditions (Type 2 diabetes and hypertension) and the COVID-19 pandemic. *See* ECF No. 122. The Government's motion to dismiss Wright's second motion for compassionate release as moot is also pending. *See* ECF No. 125.

On this record, the Court agrees with the Government that Wright's motion has been rendered moot because his medical records from the Bureau of Prisons ("BOP") establish that he tested positive for the virus on January 5, 2021. He was immediately quarantined, and recovered by January 15, 2021. There is no evidence that Wright suffered severe complications from the virus or that his condition ever became critical. Moreover, there is no evidence that the Bureau of Prisons did not adequately monitor and manage his care. Under these circumstances, courts have consistently found a defendant's medical conditions, even taken with the pandemic, did not present an extraordinary and compelling medical reason warranting compassionate release. *See,*

*e.g., United States v. Harris*, No. 4:18cr115, 2020 WL 4462256, at *1-2 (N.D. Ohio Aug. 4, 2020) (although defendant suffered from heart failure, obesity, and primary hypertension, his "positive test for COVID-19 cannot demonstrate an extraordinary and compelling reason to justify release absent any [grave] symptoms, lasting complications, or inadequate care"); *United States v. Gibson*, No. 2:09cr42, 2020 4299630, at *3 (E.D. Tenn. July 27, 2020) (concluding immunocompromised defendant's motion for compassionate release was moot "in light of the fact that [he had] already contracted the virus," had "been in isolation and received medical care" in prison); *United States v. Epstein*, No. 3:14cr287, 2020 WL 2537648 (D.N.J. May 19, 2020) (denying elderly defendant's motion for compassionate release—despite underlying heart disease, hypertension, diabetes, renal impairment and obesity—where he already contracted the virus and the BOP isolated him, then "transport[ed] him to the hospital for treatment when his condition became critical, and the medical records reveal[ed] that the BOP continue[d] to [adequately] monitor or treat his ailments" thereafter); *United States v. Davis*, No. 2:06cr20020-2, 2020 WL 2395977, at *2 (C.D. Ill. May 12, 2020) (finding defendant's arguments regarding risk of contracting COVID-19 moot—despite history of diabetes, hypertension and hyperlipidemia—where he had already contracted the virus and was "receiving healthcare in the facility"). Likewise here, the Court finds that Wright has not shown extraordinary and compelling medical reasons to justify release.

Even if Wright had not already contracted and recovered from COVID-19, compassionate release would be unwarranted because he has not shown, as he must, that a reduction in sentence would be consistent with the 18 U.S.C. § 3553(a) factors. *See* U.S.S.G. § 1B1.13(1)(B).  Those factors include the nature and circumstances of the offense, and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, adequate deterrence, protection of the public from further crimes, and effective treatment; and the need to avoid unwarranted sentence disparities.  *See* 18 U.S.C. § 3553(a).  The defendant has the burden to show that a reduction in sentence is warranted.  *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020).

Wright's drug trafficking offenses of conviction, in light of his history and characteristics, were very serious.[1]  He committed these offenses within two months of his release from state prison, where he had served nearly two years in custody on probation violations stemming from a string of prior drug convictions.  In other words, this was not aberrant behavior.  Between the ages of 16 and 35, when Wright was taken into federal custody for the instant offenses, he amassed 45 criminal convictions in Florida, including eight convictions for selling or possessing with intent to distribute cocaine, seven convictions for possessing cocaine, two unlawful possession of a

---

[1] In this case, Wright was convicted of two counts of possessing with intent to distribute cocaine and cocaine base.

Case No. 3:13cr76/MCR

firearm convictions, three convictions for resisting an officer without violence, three convictions for fleeing and eluding law enforcement, and a slew of additional misdemeanor convictions. He also has a lengthy history of probation violations (seven convictions), failing to appear for court proceedings (three convictions), and driving with a suspended or revoked license (thirteen convictions), which further demonstrate his pattern of disregard for court orders and the requirements of the law. There is no evidence that the relatively short terms of incarceration imposed in the prior cases—ranging from 30 days in jail to 3 years in state prison—had any meaningful deterrent effect on Wright. Thus, the 210-month sentence imposed in this case is warranted to protect the public from further crimes and serves Wright's demonstrated need for specific deterrence, both of which would be undermined by a reduction in sentence.[2] Moreover, a reduced sentence would not reflect the seriousness of Wright's offenses, promote respect for the law or provide just punishment, and it would result in enormous unwarranted sentencing disparities as compared to similarly situated defendants. In sum, the § 3553(a) factors strongly militate against a reduction in sentence.

Based on the foregoing, the Court concludes that Wright has not shown that a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) is justified. The Court is

---

[2] Wright's Presentence Investigation Report, as adopted by the Court, assigned him a total offense level of 32 and a criminal history category of VI, based on his status as a career offender.[2] The resultant Guidelines imprisonment range was 210 to 262 months. Wright was sentenced to 210 months' imprisonment on each count, with the terms to be served concurrently. His projected release date is September 5, 2028.

Case No. 3:13cr76/MCR

Page 5 of 5

sensitive to Wright's concerns regarding COVID-19, it is evident that he is receiving adequate care from the BOP.[3]  However, in this case, a reduction in sentence cannot be reconciled with the § 3553(a) factors.  Accordingly, Wright's Motion for Compassionate Release, ECF No. 122, is **DENIED**, and the Government's Amended Motion to Dismiss Wright's Second Motion for Compassionate Release as Moot, ECF No. 126, is **GRANTED**.[4]

    **SO ORDERED**, on this 12th day of February, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] Fortunately, the Bureau of Prisons has implemented heightened safety measures for *all* of its correctional institutions, including quarantine and isolation procedures, to mitigate the risk of infections among inmates and staff.  *See, e.g.*, Federal Bureau of Prisons, *BOP Implementing Modified Operations*, November 25, 2020, https://www.bop.gov/coronavirus/covid19_status.jsp.  Wright has not shown the BOP's action plan is inadequate to manage an outbreak within his facility, should that occur, or that the facility is specifically unable to adequately treat him.

[4] Wright's first motion for compassionate release was denied without prejudice for his failure to exhaust administrative remedies.  Wright filed a motion for reconsideration of that denial and for appointment of counsel, *see* ECF No. 121, which the Court now **DENIES AS MOOT**.  The Government's original motion to dismiss, ECF No. 125, is terminated as **MOOT**.